**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

                                                         Presentment Date: October 27, 2020
                                                         Presentment Time: 11:00 a.m.

Matthew M. Cabrera, Esq.
M. CABRERA & ASSOCIATES, P.C.
2002 Route 17M Unit 12
Goshen, NY 10924
Tel: (845) 531-5474
Fax: (845) 230-6645
Proposed Counsel to the Debtor and Debtor in Possession

| | |
|---|---|
| In re: | Chapter 11 |
| ALEXANDER BERNARD KASPAR | Case No. 18-36862 |
| Debtor-In-Possession. | |

**DEBTORS APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT OF ENVIRONMENAL CONSULTING AND MANAGEMENT SERVICES AS A ENVIRONMENTAL CONSULT FOR THE DEBTOR AND DEBTOR IN POSSESSION EFFECTIVE *NUNC PRO TUNC* TO MARCH 2, 2020**

    The above captioned debtor and debtor in possession Alexander Kaspar ("Debtor") hereby files this application ("Application") for the entry of an order ("Order") authorizing and approving the retention of Environmental Consulting and Management Services as a Consultant for the Debtor *Nunc Pro Tunc* to March 2, 2020. In support of this Application, the Debtor submits the affidavit of Harry Sudwischer ("Sudwischer"), the Senior Project Manager of Environmental Consulting and Management Services which is attached hereto as **Exhibit A**. Under said proposal, Sudwischer would spearhead the Debtor's rehabilitation plan on Property, confirm any and all hazardous materials were removed from the Property and coordinate the remediation with the New York State Department of Environmental Conservation to ensure it

meets all New York State requirements. In further support of this Application the Debtor alleges as follows.

## JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A).

2. Venue us proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are 11 U.S.C. § 327(a) and 328(a) ("Bankruptcy Code"), Rule 2014 and 2016 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), Local Rule 2014-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules").

## BACKGROUND

4. On November 4, 2018 ("Petition Date") the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

5. The Debtor is an individual and managing its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. Neither the Debtor nor any other entity has requested the appointment of a trustee and no trustee, examiner, or statutory committee has been appointed.

7. On December 16, 2019 the Court reinstated the automatic stay and removed a previously appointed Receiver. Upon doing this the Court confirmed that the Debtor again has control and future of the real estate parcels that make up the majority of the assets of the Estate.

8. The Debtor and a non-debtor own five parcels of land in Putnam County New York, upon which the Debtor does not currently reside, which make up the bulk of the assets of the

Estate. These real properties are identifiable as tax parcels 72-1-47, 72-1-50, 72-19-1-29 and 83-1-1 hereafter (the "Parcels").

9. The Debtor intends to sell one or more of these Parcels in an attempt to sufficiently fund the DIP and utilize the Chapter 11 process to amend or modify its secured debts, address the requirements of the State Court Judgment and establish a uniform plan to address unsecured creditors. As detailed below, in order to take said action, it is necessary to confirm there is no longer any hazardous waste on the Parcels and the retention of Environmental Consulting and Management Services as an Environmental Consultant is necessary.

## THE DEBTOR'S APPLICATION

10. The Debtor seeks to employ and retain Environmental Consulting and Management Services (hereinafter "ECMS") as an environmental consultant to spearhead its remediation plan of the Property, certify any hazardous waste has been removed from the Property, and coordinate the remediation of the Property to confirm that the remediation of the Property complies with the requirements of the New York State Department of Environmental Conservation (hereinafter "NYSDEC").

11. Debtor believes that the retention of ECMS to oversee the remediation process is in the best interest of the Estate and its creditors. The funding of the Debtor's Chapter 11 is dependent upon a sale of one or more of the Parcels of Property, which is not possible until the Debtor has addressed any hazardous materials identified on the Property and confirmed that the remediation of the Property meet New York State guidelines and standards.

12. The Debtor believes that ECMS is well qualified to act as a consultant, specifically for the purposes of addressing the remediation necessary on any of the Parcels.

13. The Debtor desires to use ECMS's professional services and ECMS has agreed to perform such services, pursuant to the terms of the Agreement between the parties signed and dated March 2, 2020 and an addendum signed September 15, 2020, as consistent with Section 328 of the Bankruptcy Code.

14. As a consultant for the Debtor, as related to the remediation process, ECMS shall confirm that any individuals and/or entities necessary to remediate the proposed marketing and sale of the Parcels.

15. ECMS's retention is necessary given the Debtor's need to sell the Parcels in a prompt, efficient and cost-effective manner.  Further, in light of ECMS's knowledge and familiarity with the Parcels, ECMS's retention will serve the best interests of the Debtor, its creditors and estate, and all parties in interest by enhancing the Debtor's ability to obtain the most favorable value for the Properties.

**ECMS SERVICES TO BE RENDERED DURING THE CASE**

16. Among the services to be provided by ECMS, all as further described in the Agreement, and subject to Court approval, are the following:

    (a)  Site investigation and Remediation; and

    (b)  review Site Investigation Workplan in accordance with the NYSDEC proposed remediation schedule; and

    (c)  submit for and receive approvals concerning the Workplan from the NYSDEC; and

    (d)  submit for and receive any and all necessary permits and approvals to carryout the approved Workplan; and

      (e)    oversee and supervise the commencement and completion of the Workplan.

A copy of the Agreement between the Debtor and ECMS detailing said services is attached hereto as **Exhibit B.**

17. As an additional service, in the event of consummation of a sale of the Parcels, ECMS shall consult with the NYDEP to confirm that the Debtor's rehabilitation plan meets state guidelines.

18. The services that will be rendered by ECMS in connection with its proposed engagement are not duplicative of the services to be performed by any of the Debtor's other retained professionals or advisors. The Debtor believes the foregoing services are critical to the success of the proposed sale of the Parcels.

## ECMS'S QUALIFICATIONS

19. ECMS is a full-service environmental consultation firm with extensive experience with remediation of Property, implementing plans necessary for said remediation and coordinating said remediation to ensure that the final result of the remediation meets state guidelines.

20. ECMS has experience rehabilitating environmental issues throughout the Mid-Atlantic and its employees regularly consult with employees from the NYSDEP on issues related to hazardous materials and remediation plans to rehabilitate the same.

21. In preparing for its role as an environmental consultant, Harry Sudwischer has inspected the Debtor's Property, noted areas which need to be addressed, conducted several conference calls with the Debtor and with representatives from the NYSDEP to preliminary discuss items of concern.

22. The Debtor believes that the ECMS is both qualified and capable of representing it in a cost-effective, efficient and timely matter in this chapter 11 case.

## **PROFESSIONAL COMPENSATION**

23. ECMS has agreed to the terms of compensation as set forth in **Exhibit B.**

24. Accordingly, the Debtor believes that the compensation to ECMS is fair and reasonable in light of the environmental issues which must be addressed prior to the sale of the parcels and said employment is in the best interest of the estate.

25. To the best of the Debtor's knowledge, information and belief, ECMS has no connection with the Debtor's creditors or with any other party in interests herein, their attorneys or accountants.

26. All payments to ECMS shall be paid only upon obtaining Bankruptcy Court approval after the filing of an application on notice with a hearing. Such notice shall be made to all known creditors of the estate and the Office of the United States Trustee.

27. ECMS has not been paid any compensation by the Debtor in connection with this matter to date.

28. ECMS will also be reimbursed for costs and expenses, including reasonable attorneys' fees, incurred in connection with this retention for (i) appearing as a witness, (ii) responding to any subpoena(s), document production request(s) or any other third party service of process, and (iii) requests for additional information with respect to any related filings by ECMS.

29. Similar fee arrangements have been approved and implemented in many other chapter 11 cases. See, e.g., In re Lionel LLC., Case No. 04-17324 (BRL) (Bankr. S.D.N.Y. 2006) (authorizing retention of Houlihan, Lokey, Howard & Zukin, Inc. under section 327 and

328(a); In re Oakwood Homes Corp., Case No. 02-13396 (PJW) (Bankr. D. Del. July 21, 2003); In re Kaiser Aluminum Corp., Case No. 02-10429 (JKF) (Bankr. D. Del. Aug. 13, 2002) (authorizing retention of Lazard Freres & Co. LLC and subjecting compensation to same standard of review); In re Trans World Airlines, Inc., Case No. 01-00056 (PJW) (Bankr. D. Del. Aug. 22, 2002) (authorizing retention of Rothschild, Inc., as financial advisors for debtors, under sections 327(a) and 328(a) of the Bankruptcy Code); In re Covad Commc'ns. Group, Inc., Case No. 01-10167 (JJF) (Bankr. D. Del. Nov. 21, 2001) (authorizing retention of Houlihan, Lokey, Howard & Zukin, Inc. with compensation subject to standard of review set forth in section 328(a)); In re Casual Male Corp., Case No. 01-41404 (REG) (Bankr. S.D.N.Y. May 18, 2001) (authorizing retention of Robertson Stephens, Inc., subject to section 328(a) standard of review).

## **DISINTERESTEDNESS**

30. Furthermore, ECMS is a "disinterested person" as that term is defined in Section 101(14) of the Code in that said entity:

    a. is not a creditor, an equity security holder, or an insider;

    b. is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor; and

    c. Does not have an interest materially adverse to the interest of the estate or any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

31. Furthermore, as disclosed in the Sudwischer Affidavit, ECMS has indicated that based on the results of its research conducted to date, and to the best of its knowledge, neither ECMS, nor any employee thereof, has any connection with the Debtor, any creditors of the Debtor's estate, or any other parties-in-interest (as reasonably known ECMS) or their

respective attorneys and accountants, or other advisors, or the U.S. Trustee, or any person employed in the Office of the U.S. Trustee.

32. ECMS was not owed any amounts by the Debtor as of the Petition Date and does not hold a claim against the Debtor's estate. ECMS has indicated that if it discovers any information that is contrary to or pertinent to the statements made in the Sudwischer Affidavit, ECMS will promptly disclose such information to this Court, the Debtor, and the U.S. Trustee.

33. The Debtor has also been advised that ECMS has not agreed to share with any person or firm, other than its own members and employees the compensation to be paid for professional services rendered in connection with this case.

## FEE APPLICATION

34. The Debtor respectfully submits that inasmuch as ECMS's compensation is results oriented and directly related to benefits received by the Debtor's estate as a result of the sale transaction, requiring ECMS to file detailed time records and periodic fee applications in accordance with Sections 330 and 331 of the Bankruptcy Code, and in compliance with Bankruptcy Rule 2016 and the Fee Guidelines is unnecessary.

35. ECMS is being retained under Section 328 of the Bankruptcy Code and will be employed by the Debtor to perform a highly specialized task and accordingly, will be compensated based upon the terms of the Agreement.   See **Exhibit B.**

36. Requiring ECMS to record and submit detailed time entries in light of the nature of the services to be rendered would be unduly burdensome to ECMS. The Debtor has been further advised by ECMS that it is not ECMS's practice to keep detailed time records similar to those customarily kept by attorneys and other professionals who are

compensated on an hourly basis. Accordingly, the Debtor requests that such requirements be waived and ECMS be allowed to bill in its customary fashion while adhering to the Agreement and Addendum.

37. Notwithstanding, ECMS's fees and expenses in this Chapter 11 Case shall be subject to final approval of the Court upon proper application by ECMS in accordance with procedures for the allowance of final compensation applicable to professionals in this Chapter 11 Case, and in accordance with the requirements of the Bankruptcy Code, Bankruptcy Rules and the Local Rules, as those procedures may be modified or supplemented by order of this Court.

## THE DEBTOR SEEKS AUTHORITY TO RETAIN EMPLOY AND COMPENSATE ECMS UNDER SECTIONS 327(A) AND 328(A) OF THE BANRUPTCY CODE

38. The Debtor seeks approval of the Fee Arrangement with ECMS under the Agreement pursuant to sections 327(a) and 328(a) of the Bankruptcy Code and requests the Court enter an Order permitting the Debtor to retain and employ ECMS as its environmental consultant in connection with this Chapter 11 Case, as incorporated in sections 330 and 331 of the Bankruptcy Code and the Bankruptcy Rules.

39. Section 328(a) provides, in relevant part, that a debtor "with the court's approval, may employ or authorize the employment of a professional person under section 327... on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingency fee basis." 11 U.S.C. § 328(a).

40. As recognized by numerous courts, Congress intended Section 328(a) to enable debtors to retain professional pursuant to specific fee arrangements to be determined at the time

of the court's approval of the retention, subject to review if the terms are found to be improvident in light of "developments not capable of being anticipated at the time of the fixing of such terms and conditions." See Donaldson, Lufkin & Jenrette Sec. Corp. v. Nat'l Gypsum Co. (In re Nat'l Gypsum Co.), 123 F.3d 861, 862-63 (5th Cir. 1997); Henry A. Leonard & Co. v. United States Trustee (In re River Foal, Inc.), 161 B.R. 568, 569 (Bankr. S.D.N.Y. 1993).

41. The Debtor submits that the fee structure set forth in the Agreement and Addendum is reasonable under Bankruptcy Code section 328(a) in light of (a) the nature and scope of services to be provided by ECMS, (b) industry practice with respect to the fee structure proposed by ECMS, (c) market rates charged for comparable services both in and out of chapter 11; and (d) ECMS's substantial experience with respect to real estate issues.

42. In addition, the terms of the Agreement were negotiated in good faith and at arms-length between the Debtor, non-Debtor and ECMS and reflect the Debtor's evaluation of the value and expertise of the work to be performed by ECMS.

43. Based on the foregoing the Debtor submits that the retention of ECMS as an environmental consultant to formulate a remediation plan and coordinate the same and confirm the rehabilitation of the Property meets New York State standards necessary to sell the Parcels is necessary and in the best interest of the Debtor, the Estate, and his creditors.

44. Based on the foregoing, the Debtor requests that the Court enter an Order, substantially in the form annexed hereto as Exhibit A, approving ECMSs retention as an environmental consultant to the Debtor with respect to the Properties, pursuant to Sections 327(a) and 328(a) of the Bankruptcy Code and approving the terms of the Listing Agreement.

45. No prior request for the relief sought in this Application has been made to this or any other court.

WHEREFORE, the Debtor respectfully requests that the Court enter an order, substantially in the form of the Proposed Order attached hereto as **Exhibit C,** authorizing the Debtor to employ ECMS as an Environmental Consultant to the Debtor's Estate on the terms and conditions set forth herein.

Dated: October 6, 2020
      Goshen, NY

M. Cabrera & Associates, PC
*Attorneys for Debtor and Debtor-possession*

*/s/ Matthew M. Cabrera*
Matthew M. Cabrera, Esq.
2002 Rt. 17M, Suite 12
Goshen, New York 10924