**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>ALEXANDER BERNARD KASPAR<br><br>Debtor(s). | Chapter 11<br><br>Case No. 18-36862 |

**ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF ENVIRONMENTAL CONSULTING & MANAGEMENT SERVICES, INC. AS THE DEBTOR'S ENVIRONMENTAL CONSULTANT TO COORDINATE THE DEBTOR'S REMEDIATION PLAN WITH THE NEW YORK STATE DEPARMENT OF ENVIRONMENTAL CONSERVATION FOR THE DEBTOR AND DEBTOR IN POSSESSION EFFECTIVE *NUNC PRO TUNC* TO MARCH 2, 2020**

Upon reading the application ("Application") of the above captioned debtor and debtor in possession ("Debtor") for the entry of an order authorizing the Debtor to retain and employ Environmental Consulting and Management Services ("ECMS") as its environmental consultant effective *nunc pro tunc* to March 2, 2020, pursuant to 11 U.S.C §§ 327(a) and 328(a) ("Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), and Rules 2014-1 of the Local Bankruptcy Rules for the Southern District of New York ("Local Bankruptcy Rules"); and the Court having reviewed the Application and the Affidavit of Harry Sudwischer, Senior Project Manager with ECMS; the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); venue being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found based on the representations made in the Application and in the Sudwischer Affidavit that (a) ECMS does not hold or represent an interest adverse to the Debtor's estates and (b) Sudwischer and ECMS is a "disinterested person" as defined in 11 U.S.C. § 101(14) and as required by 11 U.S.C § 327(a); and the Court having found that the

relief requested in the Application is in the best interests of the Debtor's estate, its creditors, and other parties in interest;

    IT IS HEREBY ORDERED THAT:

1. The Application is granted to the extent set forth herein.

2. Pursuant to 11 U.S.C § 327(a), the Debtor is authorized to retain Environmental Consulting and Management Services as its environmental consultant in this case, *nunc pro tunc,* effective March 2, 2020 on the terms set forth in the Application, the Sudwischer Affidavit, and Agreement between the parties attached to the Application as an Exhibit, and to perform all the services set forth in the Application, on the terms set forth in the Application and Sudwischer Affidavit.

3. The terms and provisions of the Agreement are approved and the Debtor is authorized to compensate ECMS in accordance with the Agreement, provided however, that ECMS will file a final fee application in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules and any Orders entered by this Court.  ECMS may not be paid until the Court has entered interim or final orders approving fees.

4. ECMS must bill travel time at 50% of their professional's hourly rate consistent with court fee guidelines.

5. ECMS may not charge 18% over invoice for costs per fee guidelines.

6. Any subcontractors retained by ECMS for work in this case must file an affidavit of disinterestedness prior to retention.

7. To the extent ECMS seeks reimbursement of costs and expenses, as set forth in the Application, ECMS shall seek court approval of amounts sought on proper application.

8. To the extent that the terms of this Order conflict with the terms of the agreement and addendum, the terms of this Order shall prevail.

**NO OBJECTION:**

*/s/___Alicia M. Leonard_____*
Office of the United States Trustee