```
                    UNITED STATES BANKRUPTCY COURT
                   SOUTHERN DISTRICT OF NEW YORK
-------------------------------X
In Re:                          .  Case No. 18-36862-cgm
                                .  Chapter 11
ALEXANDER BERNARD KASPAR,       .  355 Main Street
                                .  Poughkeepsie, NY  12601
         Debtor.                .
-------------------------------X  October 5, 2021
```

**_18-36862-cgm_**        **Alexander Bernard Kaspar**    *Ch. 11*

> Doc# 270 Notice of Adjournment of Hearing RE: Case
> Conference; hearing held and adjourned to 10/5/2021 at
> 09:00 AM at Videoconference (ZoomGov) (CGM).

```
                  HONORABLE CECELIA MORRIS
                UNITED STATES BANKRUPTCY JUDGE
```

APPEARANCES (TELEPHONIC):

```
FOR THE DEBTOR :          MATTHEW CABRERA, ESQ.
                          M. Cabrera & Associates
                          2002 Route 17M, Suite 12
                          Goshen, New York  10924

SPECIAL COUNSEL FOR       LEWIS D. WROBEL, ESQ.
TOWN OF PUTNAM VALLEY     Handel & Carlini
                          1984 New Hackensack Road
                          Poughkeepsie, New York  12603

FOR THE U.S. TRUSTEE:     ALICIA LEONARD, ESQ.
                          Office of the United States Trustee
                          Leo O'Brien Federal Building
                          11A Clinton Square, Room 620
                          Albany, New York  12207

                          MARC J. GROSS, ESQ.
                          Wilson, Elser, Moskovitz, Edelman,
                          Dicker, LLP
                          1133 Westchester Avenue
                          White Plains, New York  10604
```

*Proceedings digitally recorded.*
*Transcript produced by: Melissa Estep*

*American Legal Transcription*
*11 Market Street - Suite 215 - Poughkeepsie, NY 12601*
*Tel.: (845) 452-3090 - Fax: (845) 452-6099*
amlegaltrans@aol.com

1               (Proceeding commences)

2               THE COURT:  18-36862, Alexander Kasper.

3               MR. CABRERA:  Good morning, Your Honor.

4      Matthew Cabrera, M. Cabrera & Associates, for the Debtor.

5               MS. LEONARD:  Good morning, Your Honor.

6      Allicia Leonard, for the United States Trustee.

7               MR. WROBEL:  Good morning, Your Honor.

8      Lewis D. Wrobel, of counsel with Handel & Carlini,

9      Special Counsel for the Town of Putnam Valley.

10              THE COURT:  Anyone else?  You're on mute.

11     Marc, I don't see your last name, but you're on mute.  We

12     did not hear you.  You're not speaking.  And I'm -- you

13     need to put your whole name on the screen.  You're

14     connected to the audio now.  State your name.  You're not

15     connected.

16              MR. CABRERA:  I think he's still on mute,

17     Your Honor.

18              THE COURT:  You're on mute.  It said it was

19     connecting, but it doesn't.

20              MR. GROSS:  Your Honor, I apologize.

21     (Inaudible)

22              THE COURT:  Okay.  State your name and

23     affiliation.

24              MR. GROSS:  Thank you, Your Honor.  Marc J.

25     Gross, on behalf of the County of Putnam, Department of

In Re Alexander Bernard Kaspar                    3

1    Finance.  My apologies.

2              THE COURT:  Very good.  Very good, Mr.

3    Cabrera.  What's going on?

4              MR. CABRERA:  I filed the status update,

5    Your Honor.  There has been progress with the sale of the

6    parcels, as per the status report.  We have an offer of

7    sale.  Excuse me.  An offer --

8              THE COURT:  When did you file -- when did

9    you file the status report?

10             MR. CABRERA:  Friday, Your Honor.  We have a

11   offer from Hudson Highlands Land Trust.  They were

12   originally offering to buy the properties, all the

13   properties, except for Gilbert Lane.  There's been a new

14   offer to purchase the 239 acre parcel and the one acre

15   parcel, as designated in the status letter.  The

16   contracts have been signed.  And as I said, I'll be

17   looking to file a motion to approve the sale of those two

18   parcels.

19             In regards to taxes, which came up, just an

20   update or a correction, Your Honor, when I referred to

21   the taxes being paid, and agreements being made, those

22   were in regards to post-petition taxes.  They do not

23   address the pre-petition taxes that are still owed on

24   several of the parcels.  But as per the status report,

25   all taxes have been paid on parcel 72-1-47, as well as

In Re Alexander Bernard Kaspar                                    4

1    72.19-1 (inaudible).

2              THE COURT:  Post-petition.  Be clear on the

3    record.  Post-petition taxes.

4              MR. CABRERA:  That is correct.

5              THE COURT:  Okay.

6              MR. CABRERA:  There is an agreement that is

7    in place.  Mr. Kaspar, we had an agreement last time,

8    verbally.  They reduced it to writing.  I believe they're

9    still waiting from the tax -- from the county, an actual

10   payment report, but the underlying agreement has been

11   agreed to.  We should have that report, and that's for

12   parcel 72-1-50.

13             As far as the sale, the sale includes parcel

14   83-1-1, and all taxes.  Obviously both pre-petition and

15   post-petition will be paid from that sale on that

16   particular parcel.

17             THE COURT:  And the insurance update?

18             MR. CABRERA:  The insurance, as far as my

19   communications with the trustee's office, all insurance

20   has been provided and is accurate and up-to-date, as per

21   my prior conversation with the, approximately -- about a

22   week or so ago.

23             THE COURT:  Ms. Leonard.

24             MS. LEONARD:  Yes, Your Honor.  Mr. Cabrera

25   is correct on the insurance.  I think we need a little

1    bit of clarity on how much -- you know, how much of the

2    post-petition taxes have been paid, when, and etcetera.

3    These payments are not in the Debtor's operating reports,

4    and my -- I surmise that the -- Ms. DeLabaro (phonetic)

5    paid those taxes.  But that should be -- those payments

6    are, you know, essential to the case, and should be

7    reflected in the operating reports.

8                And also, the Debtor should clarify, you

9    know -- even though it's a close party, the Debtor would

10   be required to file a motion, under 364, to incur post-

11   petition debt.  We don't know what this is, whether it's

12   a gift or whether it's debt, so we do need clarity.  I

13   have an unsigned copy of the agreement with the county.

14   I think it's the county.  But it's very, very vague, and

15   very little information on what the payment plan is, and

16   how much the taxes due and owing are, and the term -- and

17   interest rate, if any.  So I think that that -- those

18   documents also need to be provided to the parties.

19               MR. CABRERA:  I can provide that easily,

20   either in an updated status report, Your Honor --

21               THE COURT:  Well, you should've done it

22   sooner.  You should've done it sooner rather than later.

23   You know this is an open -- Chapter 11 is open, you've

24   got to do it openly.  So get that done ASAP.

25               MR. CABRERA:  Not a problem, Your Honor.

1          THE COURT:  Now the -- this --

2          MR. CABRERA:  That should work.

3          THE COURT:  You keep talking about this 363

4    sale.  When are we having it?  What are we doing?  Who's

5    in charge?  What's this?  And when you filed the

6    documents, so just that late, it's hard for us to keep up

7    with -- you  know, filing stuff on the docket.

8          MR. CABRERA:  I haven't filed the motion

9    yet, Your Honor.  I got confirmation.  The sale is

10   between, as I said, Hudson Highlands Land Trust for the

11   two parcels, as listed in the status report.  So there

12   are five parcels for this whole particular group of

13   properties, the 72-47, 72-50.  Those two are still up and

14   still listed for sale.  We don't have that much progress

15   on those at this time.

16          I believe there was an offer on the 72-150,

17   but it came in a little bit too low.  There is the other

18   parcel, which is the Gilbert Lane, which is the house.

19   That has also had an offer to purchase that particular

20   property.  Those negotiations are ongoing with that

21   potential buyer, as well as their ongoing negotiations

22   with the creditor, which holds a mortgage on that

23   particular property.

24          MR. GROSS:  Your Honor, if I may.

25          THE COURT:  (Inaudible)

In Re Alexander Bernard Kaspar                              7

1          MR. GROSS:  In the status report and as

2     counsel has indicated, there is a contract with Hudson

3     Highlands Trust, what is the purchase price, and how much

4     is the down payment that's being held?

5          MR. CABRERA:  The purchase price was

6     approximately $798,000, and I believe the deposit was

7     approximately 73,000.  That will obviously be included in

8     the motion for approval of the sale.  Thank you.

9          THE COURT:  We're sort of -- we're sort of

10    flying blind here, when we didn't have that information.

11    And even in January you said a sell motion would be

12    pending.  But you've got somebody going.  Let's get this

13    motion on, so we (inaudible) what's going on.  Well, no,

14    it fell apart.  Trust me.  I know it fell apart.

15          MR. CABRERA:  Yes.  That's okay.

16          THE COURT:  Let's -- if -- a burden of hand

17    means you'd better move fast.

18          MR. CABRERA:  I've been trying, Your Honor.

19    We were trying to do this all as one big package deal,

20    which was the original offer.  That didn't work out.

21    There was a buyer, potentially.  We call him the

22    California buyer.  The numbers just didn't work out.  And

23    then the -- Mr. Kaspar, the Debtor, and the other co-

24    owner of the properties decided to break them up and sell

25    them separately, and so far that looks like their plan is

1    going to bear fruit.  There's going to be more funds

2    coming in from the sale of the underlying properties

3    individually, than selling them together.  But I will

4    have the motion filed for the sale, with regards to

5    (inaudible) trust.  I will update the Court with regards

6    to the taxes.

7              Finally, ECMS, the environmental company,

8    they filed their report with the state, the EC, three

9    months ago.  I've heard basically nothing back from the

10   state.  ECMS has heard nothing back from the state.  ECMS

11   is telling me that basically they're having difficulty

12   communicating with them.  Apparently issues with

13   staffing, or what have you, or review time.  I don't

14   know.  We're kind of at the mercy with the state, with

15   regards to approval of the remediation plan on that one

16   particular parcel, which is the 72-47, but that's the

17   only update I have, with regards to the approval process

18   for the remediation plan.

19             THE COURT:  Okay.  All right.  Let's come

20   back on 11-2, that you get some motions and some stuff in

21   front of us, so we know what's going on.

22             MR. CABRERA:  Absolutely, Your Honor.

23             MS. LEONARD:  Thank you, Your Honor.

24             MR. WROBEL:  Thank you, Your Honor.

25             MR. GROSS:  Thank you, Your Honor.

1          THE COURT:  Keep us a little more up-to-date

2    than just three days ahead of time.  It just helps us.

3    So thank you.

4          MR. CABRERA:  I will make sure that all the

5    information in the next report, and I will update this

6    current one that I just filed, Your Honor.

7          THE COURT:  Thank you so much.

8          MR. CABRERA:  Thank you, Your Honor.

9          THE COURT:  Good luck with all this.

10          MR. CABRERA:  Still pounding through this,

11    Your Honor.

12          THE COURT:  Yeah.  (Inaudible)

13              (Proceedings concluded)

14

15

16

17

18

19

20

21

22

23

24

25

1                              C E R T I F I C A T E

2

3          I, Melissa Estep, certify that the foregoing transcript

4          is a true and accurate record of the proceedings.

5

6    Signature _Melissa Estep_____

8              11 Market Street, Suite 215

9              Poughkeepsie, New York 12601

10             Date:  October 11, 2021

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25